## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHELLE BOND,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **No.** |
| **v.** | : | |
| | : | |
| **PHRAZZ II LLC d/b/a SPHERION STAFFING** | : | |
| **and** | : | |
| **PHIL FRAZZINELLI** | : | |
| **Defendants.** | : | **JURY TRIAL DEMANDED** |

## COMPLAINT

## I.  PRELIMINARY STATEMENT

This is an action for an award of damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Michelle Bond (hereinafter "Plaintiff").  Plaintiff was an employee of Defendant Phrazz II LLC d/b/a Spherion Staffing (hereinafter collectively "Spehrion"), who has been harmed by the disability-based discrimination and retaliatory practices as well as other improper conduct by Spherion and its agents, servants, and representatives.

This action is brought under the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et seq.*, and the Pennsylvania Human Relations Act ("PHRA").

## II.  JURISDICTION AND VENUE

1.      The original jurisdiction and venue of this Court is invoked in this District pursuant to Title 42 U.S.C. § 2000e-5(f), 28 U.S.C. §1331, 1332, and 1391, 2201, 2202, 1343 and the claim is substantively based on the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.*

2.      The Supplemental Jurisdiction of this Court is invoked pursuant to Title 28 U.S.C.

1

§ 1367, to consider Plaintiff's claim arising under the Pennsylvania Human Relations Act ("PHRA").

3.      Venue is proper in the Eastern District of Pennsylvania in that some or all of the events complained of herein occurred in Lehigh County, Pennsylvania.

4.      All conditions precedent to the institution of this suit have been fulfilled.  As to the Federal ADA claims, Plaintiff has invoked the procedure set forth in the ADA and has received a Notice of Right to Sue as required.  On or about February 7, 2017, Plaintiff filed a Charge of Discrimination with the EEOC, which was cross-filed with the Pennsylvania Human Relations Commission ("PHRC") against Spherion and Frazzinelli (for purposes of the PHRA) alleging, *inter alia* disability-based employment discrimination and retaliation.  On March 23, 2018, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission.

5.      This action has been filed within ninety (90) days of receipt of said Notice.

6.      As to the PHRA  claims, more than one year has elapsed since the filing of the Complaint with the PHRC, and  this action has been filed within two (2) years of the dismissal by the PHRC.

**III.  PARTIES**

7.      Plaintiff, Michelle Bond, is an old adult female citizen and resident of the Commonwealth of Pennsylvania.  Plaintiff, at all times pertinent hereto, was hired by Spherion in August 20, 2016 and  remained employed at Spherion until October 7, 2016.

8.      Spherion is a Pennsylvania Corporation engaged in the business of providing temporary and leased workers to businesses within and without the jurisdiction of this Honorable Court.

9.     As part of the services that Spherion provides to its customers, all of the leased or temporary employees remain at all times the employees of Spherion, and Spherion remains responsible for all payroll, tax compliance, maintenance of workers compensation and unemployment compensation insurance, as well as all other functions traditionally performed by an employer.

10.     As such, Spherion has more than 15 employees, and indeed more than 100 employees.

11.     Defendant Phil Frazzinelli (hereinafter "Frazzinelli") is believed to be a resident and citizen of the Commonwealth of Pennsylvania.  At all times relevant to this action, Frazzinelli was the owner and CEO,  and a supervisory employee employed by Spherion.  At all times relevant hereto, Frazzinelli was an agent, servant, workman, and/or employee of Spherion, acting and/or failing to act within the scope, course, and authority of his employment with Spherion.  At all times relevant, Frazzinelli was acting in his supervisory and/or personal capacity.

12.     At all times relevant herein, Plaintiff was an "employee" as defined by the ADA, 42 U.S.C. § 12111(4), and PHRA, and is subject to the provisions of these Acts.

13.     At all times relevant herein, Plaintiff was a "person" as defined the ADA, 42 U.S.C. § 12111(7), and the PHRA, and is subject to the provisions of said Acts.

14.     At all times relevant herein, Plaintiff was "disabled" as defined by the ADA, 42 U.S.C. § 12102(1), and the PHRA, and is subject to the provisions of said Acts.

15.     At all times relevant herein, Plaintiff was a "qualified individual" as defined by the ADA, 42 U.S.C. § 12111(8), and is subject to the provisions of said Act.

16.     At all times relevant herein, Spherion was an "employer" as defined by the ADA,

3

42 U.S.C. § 12111(5), and the PHRA, and is subject to the provisions of these Acts.

17.     At all times relevant herein, Spherion was a "person" as defined by the ADA, 42 U.S.C. § 12111(7), and the PHRA, and is subject to the provisions of said Acts.

18.     At all times relevant hereto, Spherion owned, operated, controlled, and/or managed the Spherion location where Plaintiff was employed.

19.     At all times relevant hereto, Spherion acted by and/or failed to act by and through the conduct of their officers, managers, agents, and employees, all acting within the scope and course of their employment.

20.     At all times material hereto, Spherion employed more than fifteen employees.

## IV.  CAUSES OF ACTION

21.     Plaintiff was hired by Spherion in August of 2016 as the Managing Director for Spherion.

22.     At all times material hereto, Plaintiff performed her job in a proper and competent manner, was a dedicated and diligent employee, and had a good work record.

23.     Between the date of her hire on August 20, 2015 and her termination on April 14, 2016, Plaintiff's position did not require her to work outside of the Defendants's several offices, and consisted exclusively of sales and marketing by phone, mail, e-mail and other means consistent with an inside sales position.

24.     On or about April 14, 2016, Plaintiff was involved in a motor vehicle accident which resulted in serious injuries, many of which constituted disabling conditions under the ADA  in that they substantially limited her in one or more major life activities, including but not limited to  sitting, walking, thinking and driving.

25.     Because all of Defendants's offices were remote from Plaintiff's home, she

requested a reasonable accommodation of being required to drive in to the office limited to 2 days per week.

26.    Defendants granted this accommodation.

27.    However, in July 2016, Defendants requested that Plaintiff resume driving in to work every day.

28.    On July 27, 2016, Plaintiff made a requested that the accommodation of limited driving be extended to August 7, 2016, and presented a medical report justifying this request.

29.    This request was granted.

30.    On and after August 7, 2016, Plaintiff began a full driving schedule, which not only included commuting to work, but now included travelling to customer locations for outside sales activities.

31.    Plaintiff continued with unrestricted driving through the date of her termination, and performed well above expectations in her work quality and quantity.

32.    On October 7, 2016, Frazzinelli terminated Plaintiff's employment without any prior notice or warning, and with no stated cause.

33.    To the contrary, Frazzinelli stated that the reason for termination was "your health issues are getting in the way," and "we should have given you more time to heal."

34.    At the time of the termination, Plaintiff did not require accommodation, had not missed any time from work because of her medical conditions, had not missed any meetings, deadlines or goals, nor was her work performance in any way affected.

35.    Frazzinell's stated reason for terminating Plaintiff constitutes direct evidence of disability discrimination.

36.     To the extent that Spherion may proffer other reasons for termination in response to this action, such reasons are manufactured and pretextual in order to conceal the disability-based animus for discrimination and in order to refuse to provide reasonable accommodations for Plaintiff's serious medical condition and disability without engaging in the interactive process.

37.     Plaintiff believes and therefore avers that the termination of her employment is a violation of the ADA due to the aforementioned conduct.

38.     Spherion's reason for termination was in retaliation for her above-stated protected conduct in a) asking for accommodations and/or b) for complaining or objecting to the above-stated discrimination and refusal to accommodate.

39.     Spherion was responsible and liable for the conduct of its principals, employees, and agents for subjecting Plaintiff to a discriminatory employment and work environment, and for failing to protect Plaintiff from unlawful conduct.

40.     As a direct result of the hostile and antagonistic conduct by Spherion's supervisory employees, Plaintiff was deprived of her employment with Spherion.

41.     As a direct result of Spherion's conduct, Plaintiff has been irrevocably damaged.

42.     As a direct result of Spherion's conduct, Plaintiff has suffered and continues to suffer severe emotional, psychological, and physical distress.

43.     As a direct result of Spherion's conduct, Plaintiff's career, professional, and job opportunities have been impaired and damaged and she has suffered a loss of earnings and earning capacity.

**COUNT I**
**PLAINTIFF v. SPHERION**
**VIOLATION OF THE ADA**

44.     Paragraphs 1 through 43 inclusive, are incorporated by reference as if fully set forth at length herein.

45.     At all times relevant herein, Plaintiff was disabled, regarded as and/or perceived as disabled by Spherion.

46.     Plaintiff was able to perform all of the essential functions of her position with or without accommodation.

47.     By reason of the conduct set forth above, Spherion intentionally, knowingly, and purposefully violated the ADA by invidiously discriminating against the qualified Plaintiff who had a disability, had a record of a disability or was regarded as being disabled by Defendants.

48.     By its actions and inactions through its agents, servants, and representatives, Spherion created, maintained, and permitted to be maintained a work environment, which was hostile to persons such as Plaintiff who have a record of or are perceived as having a disability.

49.     As a direct result of Plaintiff's disability and/or request for accommodation, Spherion terminated Plaintiff's employment.

50.     Spherion's aforesaid actions were outrageous, egregious, malicious, intentional, willful, wanton, and in reckless disregard of Plaintiff's rights.

**COUNT II**
**PLAINTIFF v. SPHERION**
**RETALIATION UNDER THE ADA**

51.     Paragraphs 1 through 50 inclusive, are incorporated by reference as if fully set forth

7

at length herein.

52.     By the acts complained of, Spherion has retaliated against Plaintiff for exercising her rights under the ADA, namely requesting and/or using a reasonable accommodation, in violation of the Act.

53.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Spherion's retaliatory practices unless and until this Court grants relief.

**COUNT III**
**PLAINTIFF v. SPHERION**
**VIOLATION OF THE PHRA**

54.     Paragraphs 1 through 53 inclusive, are incorporated by reference as if fully set forth at length herein.

55.     The unlawful actions of Spherion acting as aforesaid, constitute a violation of the PHRA.  The said unlawful practices for which Spherion is liable to Plaintiff include, but are not limited to, discriminating against Plaintiff and retaliating against Plaintiff for having a serious medical condition and disability and for requesting reasonable accommodation for her serious medical condition and disability.

56.     As a direct result of Spherion's willful and unlawful actions in treating Plaintiff in a discriminatory manner and retaliating against her because of her disability in violation of the PHRA, Plaintiff has sustained severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

**COUNT IV**
**PLAINTIFF v. SPHERION**
**RETALIATION UNDER THE PHRA**

57.     Paragraphs 1 through 56 inclusive, are incorporated by reference as if fully set forth at length herein.

58.     By the acts complained of, Spherion has retaliated against Plaintiff for exercising his rights under the PHRA in violation of said act.

59.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Spherion's retaliatory practices unless and until this Court grants relief.

**COUNT V**
**PLAINTIFF v. FRAZZINELLI**
**AIDING AND ABETTING**
**DISCRIMINATION AND RETALIATION UNDER THE PHRA**

60.     Paragraphs 1 through 59 inclusive, are incorporated by reference as if fully set forth at length herein.

61.     The unlawful actions of the Individual Defendants, Frazzinelli, acting as aforesaid, constitutes a violation of the PHRA.

62.     The said unlawful practices for which the Individual Defendants are liable to Plaintiff include, but are not limited to discriminating against and retaliating against Plaintiff solely because she had a serious medical condition and disability and because she requested reasonable accommodation for this serious medical condition and disability.

63.     At all relevant times herein, the Individual Defendants knew or had reason to know of the actions and inaction alleged herein and/or have personally participated in some of said actions and are ultimately responsible for same, and aided and abetted the illegal conduct of

9

Spherion.

64.     The Individual Defendants, as supervisors, are personally liable pursuant to the PHRA for aiding and abetting the unlawful conduct, disability discrimination, and retaliation set forth herein.

65.     As a direct result of the Individual Defendants' willful and unlawful actions in aiding and abetting in the discrimination and retaliation set forth herein in violation of the PHRA, Plaintiff has sustained, severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

## STATEMENT OF FACTS JUSTIFYING
## THE IMPOSITION OF PUNITIVE OR LIQUIDATED DAMAGES
## UNDER THE ADA AND PHRA

66.     Paragraphs 1 through 65 inclusive, are incorporated by reference as if fully set forth at length herein.

67.     At all times relevant hereto, Spherion knew or should have known of the pattern of conduct in which the Individual Defendants had engaged and in which they continued to engage.

68.     At all times relevant hereto, Spherion knew or should have known that the aforesaid pattern of conduct was in violation of law and Spherion's stated policies and terms of employment.

69.     Despite such knowledge, Spherion failed to adequately investigate, discipline, or discharges its agents, servants, and representatives who discriminated against Plaintiff and created a hostile work environment.

70.     Spherion failed and refused to properly protest and support Plaintiff and in fact subjected or permitted her to be subjected to discrimination.

71.     At all times relevant hereto, Spherion, acted willfully, wantonly, recklessly, and with an outrageous disregard and indifference to the rights, safety, and well-being of Plaintiff and other employees similarly situated.

## V.  **PRAYER FOR RELIEF**

72.     Paragraphs 1 through 71 inclusive, are incorporated by reference as if fully set forth at length herein.

WHEREFORE, Plaintiff respectfully requests the Court to:

    a.  Exercise jurisdiction over her claim;

    b.  Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;

    c.  Award compensatory damages, including but not limited to reimbursement of all medical and psychological expenses; back pay and future earnings and loss of earning capacity in the amount of wages and benefits; damages for Plaintiff's mental, psychological, and emotional injuries, anguish, humiliation, anxiety, physical and mental pain, and suffering and loss of life's pleasures, all of which may be permanent, together with interest, resulting from Spherion's discriminatory and unlawful conduct;

    d.  Reinstate Plaintiff to her former position together with back pay and compensatory damages;

    e.  Award punitive and/or liquidated damages as may be permitted under law;

    f.  Award Plaintiff attorneys' fees and costs; and

    g.  Grant such other relief, as the Court deems just and equitable.

## VI.  **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

HAHALIS & KOUNOUPIS, P.C.


By:/s/  __David L. Deratzian_____
DAVID L. DERATZIAN, ESQUIRE
20 East Broad Street
Bethlehem, PA  18018
(610) 865-2608
Attorneys for Plaintiff

Date:  June 13, 2018